**SMITH v. RICKS et al.**

**No. 14476.**

Court of Appeal of Louisiana. Orleans.

Nov. 13, 1933.

George Piazza, of New Orleans, for appellants.

M. C. Scharff, of New Orleans, for appellee.

WESTERFIELD, Judge.

This suit results from a collision between two motortrucks, one of which we will call the Smith truck and the other the Ricks truck. The accident occurred on December 18, 1930, at about 5:45 p. m. on General Merrill street, Algiers, La. Plaintiff, who was a passenger on the Smith truck, sustained a broken arm, and he brings this suit for damages for pain and suffering ·in the sum of $15,000, and for loss of salary in the sum of $700. He alleges that the accident was solely due to the fault of George W. Ricks, the driver of the Ricks truck.

The trial court held that the driver of the Ricks truck was responsible for the accident, and rendered judgment accordingly in favor of plaintiff in the sum of $2,000. Defendant has appealed.

The only eyewitnesses to the accident were the occupants of the two trucks, Charles E. Smith and his son, Robert E. Smith, for plaintiff, and George W. Ricks and his two sons, Daniel W. Ricks and Charles Ricks, for defendant. As is not unusual in such cases the testimony of the occupants of the colliding vehicles is in hopeless conflict. The version of the accident as given by plaintiff and his son is to the effect that at about dusk and during a slight rain the Ricks truck was running slowly along the left or wrong side of the highway approaching the Smith truck in the opposite direction; that as the distance between the two trucks became very short, the Ricks truck attempted to resume its proper position on the right side of the road by turning sharply in that direction, but without success, because the maneuver was undertaken too late. A trailer attached to the Ricks truck struck the Smith truck and caused it to overturn and injure plaintiff in the manner described in the petition.

On the other hand, the occupants of the Ricks truck maintain that it was stationary and on the right, or proper side of the road, and that two of Ricks' sons were engaged in repairing the truck which was temporarily out of order; the spark plugs and coil having been dampened by the rain.

The learned judge a quo resolved the conflicting testimony in favor of the plaintiff because, as stated in his reasons for judgment, he did not believe Ricks and his sons for the reason that in giving their testimony they attempted to show that Smith and his son had been drinking and produced an empty whisky bottle which they testified they had picked up at the scene of the accident and from which they claim they saw Smith and his son take a drink. We quote from the opinion of the trial judge:, "It would be difficult to solve the conflict but for the circumstance that after the defendant and his sons, or one of them, had been arrested and taken to the police station; after the defendant, George Ricks, had had an interview with a police captain whom he had known for a long time; and there following a period before the trial in the Criminal Court of the charge against the defendant for reckless driving, and during and after the trial; after all of this, I say, the defendants produced for the first time a bottle containing·whiskey

—at least, the plaintiff's attorney conceded that it had contained whiskey (I did not examine it, myself)—after all of this time, a bottle containing whiskey is produced, and the defendant and his witnesses testified for the first time, disclosed for the first time, that after the accident the plaintiff and his son drank from this bottle and threw it away. It is incredible, if that were so, that these men would not have disclosed the fact that the plaintiff and his son had been drinking, and if the defendants had the bottle out of which plaintiff had been drinking, it is incredible that they would not have disclosed that, if it be true, to their police friends and to the attorney who represented them before the criminal court. This circumstance is a badge of fraud and fabrication, and leads me to disbelieve the defendants' version of the accident."

The suppression of this evidence during the trial in the criminal court is difficult to understand, but the extent to which it may be said to have affected the credibility of the witnesses is a matter which the trial judge was in a much better position to determine than ourselves, for he heard and saw the witnesses. We cannot say that in reaching the conclusion he did his judgment was manifestly incorrect.

The amount allowed, $2,000, seems to us excessive. The plaintiff was a night watchman who doubtless suffered considerable pain, but did not lose very much wages for the reason that, as his physician testified, after a few days he was able to pursue his occupation. In other words, as the doctor describes it, "his was an ambulating case." In our opinion $1,500 would be sufficient; consequently, and for the reasons assigned, the judgment appealed from is amended by reducing the amount awarded plaintiff to $1,500, and, as thus amended, it is affirmed.

Amended and affirmed.